UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTARICO C. JOHNSON,

    Petitioner,

           v.                                Civil No. 14-cv-896-JPG

UNITED STATES OF AMERICA,          Criminal No. 12-cr-40004-JPG

    Respondent.

## **MEMORANDUM AND ORDER**

        This matter comes before the Court on petitioner Montarico C. Johnson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   On June 26, 2012, a jury found the petitioner guilty of one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2).   On September 27, 2012, the Court sentenced the petitioner to serve 210 months in prison on Count 1 and 120 months on Count 2.   The petitioner appealed his sentence, and on July 16, 2014, the Court of Appeals affirmed his conviction and prison term but vacated several terms of his supervised release and remanded the case for further proceedings with respect to supervised release conditions.   The remanded matter is still pending before the Court.

        In his § 2255 motion, filed after the Court of Appeals' mandate but before further proceedings in this Court, the petitioner argues that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to counsel when he:

        Ground 1:    Failed to investigate and subpoena Carrie Davis, Timothy LNU and Marcus Prince Smith;

        Ground 2:    Failed to file pretrial motions to strike surplusage from the indictment, to remand or dismiss;

        Ground 3:    Conceded the petitioner's guilt in his opening statement and closing

        argument and improperly argued the issue of jurisdiction to the jury;

Ground 4:    Elicited propensity evidence from a Government witness and failed to ask for a cautionary or limiting instruction;

Ground 5:    Failed to object to or to request a limiting instructions for evidence admitted under Fed. R. Evid. 404(b); and

Ground 6:    Made the foregoing errors that cumulatively prejudiced him.

The Government asks the Court to dismiss Johnson's motion as premature in light of the fact that proceedings are ongoing before the Court (Doc. 5).  In response (Doc. 6), Johnson argues that the Court should not dismiss his § 2255 motion because it advances arguments not related to the sole issue on remand – the terms of Johnson's supervised release.  A hearing is set for December 11, 2014 for the Court to address the supervised release issue.  Johnson believes that he is unlikely to appeal his new supervised release terms and that his § 2255 arguments will be valid regardless of what happens on remand.

Section 2255(a) states that a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  The statute places no time restriction on how early a convicted defendant may file a § 2255 motion.  However, it is well-established that, while there is no *jurisdictional* bar to a district court's consideration of a § 2255 motion while the associated criminal case is on direct appeal, *DeRango v. United States*, 864 F.2d 520, 522 (7th Cir. 1988), the district court should refrain from exercising that jurisdiction unless there are extraordinary circumstances, *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993).  This is because the disposition of the appeal may render the § 2255 motion moot.  *Id.*  In deciding whether to exercise jurisdiction over a § 2255 motion while an appeal is pending, courts should balance the need for speedy relief against the need to economize on judicial resources.  *Id.*

The Court believes the same holds true for associated criminal cases that are back before a district court on remand, as Johnson's is.  When the Court makes its new ruling on remand, Johnson could decide to appeal his new sentence, which would bring the case squarely under *Robinson*'s guidance.  If Johnson decides not to appeal, his judgment will become final at the expiration of the appeals period, and he would then have a year from that date to file a § 2255 motion that reflects all potential constitutional errors in his sentence.

While realizing the need to wisely use limited judicial resources, the Court is sympathetic with Johnson.  He expended substantial effort to compose his motion and 17-page supporting memorandum, and if his judgment will be final soon, it would serve little purpose to make him refile the same documents just a few months down the road, especially if he is truly entitled to § 2255 relief.  The Court believes a balance is necessary.  Thus, rather than take either of the courses urged by the parties – dismissal or immediate consideration – the Court will chart a middle path – staying this case until Johnson's judgment is final.  Accordingly, the Court **DENIES without prejudice** the Government's motion to dismiss (Doc. 5) and **STAYS** this matter until Johnson's judgment becomes final.  At that point, the Court will conduct a threshold review pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts and decide whether a response from the Government is necessary.  In the meantime, the Court **DENIES without prejudice** Johnson's motion for leave to proceed *in forma pauperis* (Doc. 3) and motion for appointment of counsel (Doc. 4).

**IT IS SO ORDERED.**
**DATED:   November 4, 2014**

                                           s/J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**