UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTARICO JOHNSON,

     Petitioner,

           v.                         Civil No. 14-cv-896-JPG

UNITED STATES OF AMERICA,        Criminal No. 12-cr-40004-JPG

     Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Montarico Johnson's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1).   The Government has responded to the motion (Doc. 23), and Johnson has replied to that response (Doc. 26).

**I.**      **Background**

On June 26, 2012, a jury found the petitioner guilty of one count of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 2).   On September 27, 2012, the Court sentenced the petitioner to serve 210 months in prison on Count 1 and 120 months on Count 2.   The petitioner appealed his sentence, and on July 16, 2014, the Court of Appeals affirmed his conviction and prison term but vacated several conditions of his supervised release and remanded the case for further proceedings with respect to supervised release conditions.   On March 31, 2015, the Court entered an amended judgment that changed nothing but the supervised release conditions, and no party appealed that judgment.

**II.**      **§ 2255 Motion**

Johnson filed this § 2255 motion on August 15, 2014.   In it, he argues that his counsel Paul Sims was constitutionally ineffective in violation of Johnson's Sixth Amendment right to

counsel when he:

Ground 1:    Failed to investigate and subpoena Carrie Davis, Timothy "last name unknown" and Marcus "Prince" Smith;

Ground 2:    Failed to file pretrial motions to strike surplusage from the indictment, to remand or dismiss;

Ground 3:    Conceded the petitioner's guilt in his opening statement and closing argument, and improperly argued the issue of jurisdiction to the jury;

Ground 4:    Elicited propensity evidence, an alleged home invasion, from a Government witness, and failed to ask for a cautionary or limiting instruction;

Ground 5:    Failed to request limiting instruction for evidence of prior felony conviction for aggravated battery, and failure to object to evidence of prior possession of a firearm; and

Ground 6:    Made the foregoing errors that cumulatively prejudiced him.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 1, 2 and 3 (Doc. 12).   The Court ordered the Government to respond to Grounds 4, 5 and 6, which it has done.   The Court now turns to those asserted grounds for § 2255 relief.   The Court assumes the reader's familiarity with the observations, findings and conclusions in its prior order.

**III.    Analysis**

**A.    § 2255 Standard**

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.   However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete

2

miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013), *cert. denied*, 134 S. Ct. 2830 (2014)), *cert. denied*, 135 S. Ct. 1574 (2015).   It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009).

A § 2255 motion does not substitute for a direct appeal.   A defendant cannot raise in a § 2255 motion constitutional issues that he could have but did not raise in a direct appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal or unless failure to consider the claim would result in a fundamental miscarriage of justice.   *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000).   The failure to hear a claim for ineffective assistance of counsel in a § 2255 motion is generally considered to work a fundamental miscarriage of justice because often such claims can be heard in no other forum.   Such claims are rarely appropriate for direct review since they often turn on events not contained in the record of a criminal proceeding. *Massaro*, 538 U.S. at 504-05; *Fountain*, 211 F.3d 433-34.   In addition, the district court before which the original criminal trial occurred, not an appellate court, is in the best position to initially make the determination about the effectiveness of counsel in a particular trial and potential prejudice that stemmed from counsel's performance.   *Massaro*, 538 U.S. at 504-05.   For these reasons, ineffective assistance of counsel claims, regardless of their substance, may be raised for the first time in a § 2255 petition.

B.   Ineffective Assistance of Counsel Standard

All of the grounds for relief Johnson asserts are based on alleged instances of ineffective

assistance of counsel.   The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."   U.S. Const. amend. VI.   This right to assistance of counsel encompasses the right to *effective* assistance of counsel.   *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).   A party claiming ineffective assistance of counsel bears the burden of showing (1) that his counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.   *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.   *Wyatt*, 574 F.3d at 458.   The Court must then consider whether, in light of all of the circumstances, counsel's performance was outside the wide range of professionally competent assistance.   *Id.*   The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458.   Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.   *Strickland*, 466 U.S. at 689.   The Court cannot become a "Monday morning quarterback."   *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable.

*Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).   "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."   *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

       C.      Grounds for Relief

Ground 4:   Home Invasion

Johnson claims that his counsel was constitutionally ineffective for eliciting propensity evidence under Federal Rule of Evidence 404(b) – that Johnson had participated in a home invasion several months earlier – from a Government witness and then failed to object or ask for a cautionary or limiting instruction regarding that testimony and related testimony elicited by the Government from the same witness.   The testimony in issue was offered by Illinois State Police Special Agent William Parks.   The issue arose when Johnson's counsel asked Parks on cross-examination if he knew the family of the Government's confidential informant, Ronnie Bridges, who had been used to conduct a controlled purchase of drugs and a firearm from Johnson. The controlled purchase had been recorded on videotape, and the Government planned on introducing it as evidence in its case in chief:

> Q. [by Mr. Sims] I mean, there's actually drug wars going on; correct? I mean, people get killed over this, don't they?
>
> A. [by Agent Parks] Yes, they do. It's a terrible problem.
>
> Q. Okay. Do you know his family? Mr. Bridges' family, and his brother?
>
> MR. NORWOOD [the Government]: Your Honor, I'm -- oh, I have no objection, Judge.
>
> A. I am familiar with Orlando Bridges, the brother of Ronnie Bridges, yes.
>
> Q. (BY MR. SIMS) Drug dealer, too; correct?
>
> A. My involvement with him, there was mention of drugs, but it was a home

5

invasion investigation I worked on that he was part of.

Q. Is that where you shot my client?

A. No.

Trial Tr. 31-32.   On redirect examination of Parks, the Government followed up on the issue to

which defense counsel had opened the door:

Q. [by Mr. Norwood] Just a couple of questions. Mr. Sims brought up Orlando
Bridges and his client being shot; is that correct?

A. [by Agent Parks] Yes, he did.

Q. And basically there were four individuals including, including the defendant
who went into a house; correct?

A. Correct. That was September of 2009 in Mounds, Illinois.

Q. And one of the defendant's colleagues -- for less than a, lack of a better word --
shot him in the foot?

A. Correct.

Q. And if he were limping in February 2010 on a video, it's because he got shot in
the foot six months earlier –

A. That would be my guess.

Q. -- as part of a home invasion.

A. Correct.

Trial Tr. 33.

The Government argues that defense counsel's performance was not deficient because he

raised the issue in order to show Parks was biased against Johnson because of prior contact with

him regarding the alleged home invasion.   The Government also argues that Johnson was not

prejudiced by Parks' testimony in light of the overwhelming evidence of Johnson's guilt.

The Court finds that, regardless of defense counsel's reasons for asking about Orlando

6

Bridges, Johnson suffered no prejudice from the foregoing exchanges, even without an objection or a limiting instruction.   As the Court noted in its prior order disposing of Grounds 1, 2 and 3, the evidence against Johnson was overwhelming:

> The Government presented documentary evidence of Johnson's prior aggravated battery conviction and testimony that Johnson's fingerprints taken after his arrest matched the fingerprints of the person serving the sentence for the aggravated battery.   It also presented Bridges' testimony that Johnson sold him crack cocaine and a pistol during a controlled buy, and that testimony is corroborated by a video and audio tape recording of the transactions.   The Government also presented testimony from Johnson's girlfriend that Johnson told her shortly after his arrest that he had sold drugs and a handgun to Bridges.   Audio tape recordings of Johnson's phone calls from jail in the weeks after his arrest also showed Johnson telling either his girlfriend or his mother, depending on the call, that he sold drugs and a gun.   Finally, the Government introduced the crack cocaine and the gun Bridges purchased, which bore a serial number that matched the number on the pistol charged in Count 2 of the indictment.

Mem. and Order 8-9 (Doc. 12).   There is no reasonable probability that, in light of this evidence, the jury would have reached another decision had it not heard testimony that Johnson had been involved in home invasion or had the Court given a limiting instruction on that testimony.

Because Johnson suffered no prejudice from his counsel's eliciting testimony referring to Johnson's involvement in a home invasion and failing to object or ask for a limiting instruction, his counsel was not constitutionally ineffective in this regard, and Johnson is not entitled to § 2255 relief on this basis.

<u>Ground 5</u>

<u>Limiting Instruction on Prior Felony Conviction</u>

Johnson claims that his counsel was constitutionally ineffective for failing to request a limiting instruction telling the jury it could only consider his prior aggravated battery felony conviction to establish his status as a felon for purposes of the felon in possession charge against him.   The Government notes that it had offered to stipulate to Johnson's generic felon status,

7

which would have avoided the need to present evidence of a prior felony conviction, but Johnson refused.   Thus, in order to prove Johnson was a felon, the Government was required to offer evidence, and that evidence revealed the nature of Johnson's prior felony conviction and the length of his sentence.   The Government argues it was reasonable for counsel not to seek a limiting instruction with respect to this evidence, which would have drawn the jury's attention to the fact and nature of the conviction, especially when Johnson did not really contest he was a convicted felon.   Finally, the Government argues Johnson was not prejudiced by his counsel's failure to request a limiting instruction.

The record reflects that the Government mentioned in its opening statement it would introduce evidence that Johnson had been convicted of aggravated battery to establish the first element of the felon in possession charge – that Johnson was a convicted felon.   Trial Tr. 10. During its case in chief, the Government then introduced Johnson's judgment of conviction and other court documents along with fingerprint evidence that Johnson was the same person that had been convicted by the prior judgment.   Trial Tr. 64-67, 98.   Finally, in its closing argument, the Government reminded the jury of the documentary evidence it had introduced of Johnson's prior conviction for aggravated battery and its support for the felon in possession charge against him. Trial Tr. 161.   None of these instances suggested in any way that Johnson's prior conviction should be used as propensity evidence for the charges at trial.   Additionally, Johnson's counsel conceded during his closing argument that Johnson was a convicted felon.   Trial Tr. 165.

The Court finds it was within the realm of reasonably competent performance for counsel not to request a limiting instruction so as not to further highlight to the jury Johnson's prior conviction and its nature.   Where evidence is admissible for at least one purpose, "lawyers often make the strategic choice not to request limiting instructions, because they wish to avoid

underscoring the troublesome material for the jury." *United States v. Lindsay*, 157 F.3d 532, 536 (7th Cir. 1998) (citing *United States v. Gregory*, 74 F.3d 819, 823 (7th Cir. 1996)); *accord United States v. Gomez,* 763 F.3d 845, 860 (7th Cir. 2014) (*en banc*).   That is what happened here.   All agree that the evidence introduced by the Government was admissible to prove Johnson was a convicted felon, and no one really contested he was, so the jury was unlikely to dwell on that element long.   A limiting instruction, whether at the time the evidence was introduced or when final instructions were given, risked unnecessarily drawing the jury's attention back to Johnson's criminal past and increasing the possibility of unfair prejudice.   Additionally, there was no need to counter any suggestion that the prior conviction could be used for other purposes since the Government made no such suggestion to the jury.   All things considered, counsel's decision to let the issue pass without further attention was not unreasonable.

Furthermore, Johnson cannot establish he was prejudiced by counsel's performance.   As noted earlier in this order, there was overwhelming evidence of Johnson's guilt.   There is no reasonable probability that the failure to instruct the jury not to use his prior conviction for anything other than establishing an element of the felon in possession charge would have made a difference in the outcome of the case.

<u>Possession of Firearm</u>

Johnson also claims his counsel was deficient for failing to object to evidence that he had possessed a firearm at a New Year's Eve celebration almost a month and a half before the alleged conduct that gave rise to the charges in this case.   He claims the evidence was about an inadmissible prior bad act, was not relevant and was unduly prejudicial under Federal Rules of Evidence 403 and 404(b).   The Government argues that Johnson's complaint about an evidentiary ruling is not cognizable in a § 2255 proceeding.   It further contends the Court properly exercised

its discretion to admit the evidence of the prior firearm possession because it was evidence of Johnson's knowledge and intent.   The Government further notes that since Johnson's trial strategy was to challenge that the firearm he possessed had traveled in interstate commerce, rather than contesting that he possessed the firearm, any evidence regarding possession of a firearm would not have hampered that strategy.   Finally, the Government argues Johnson suffered no prejudice from his counsel's performance in this regard.

The record of Johnson's trial revealed the following direct examination testimony from Government witness Shalona Chamberlain, Johnson's girlfriend:

Q. [by Mr. Norwood] I want to direct your attention to around New Year's Eve of 2010. Did you see the defendant with anything?

A. [by Ms. Chamberlain] Yes.

Q. Okay. What did you see him with?

A. A handgun.

Q. Okay. And what type of handgun did you see him with?

A. Just a pistol.

Q. Okay. Do you recall the color of it?

A. Black.

Q. Okay. And you actually, you know that because he actually handed it to you and you fired the gun; is that correct?

A. Yes.

Q. Okay. And then you went to jail for that probation revocation; right?

A. Yes.

Trial Tr. 100-01.   This incident is referenced nowhere else in the trial.

As a preliminary matter, because Johnson frames the issue as an instance of ineffective

10

assistance of counsel for failure to object rather than just as an evidentiary error, his complaint is cognizable in a § 2255 proceeding.

The Court does have some concern that evidence of Johnson's possession of a firearm at the New Year's Eve party might have been excludable under Rule 404(b).   Rule 404(b)(1) prohibits the admission of evidence of other crimes, wrongs, or acts – commonly referred to as "other act evidence" – for the purpose of showing a person's propensity to behave in a certain way, but Rule 404(b)(2) allows it to be admitted for other purposes.   To be admissible, evidence of other acts must be "relevant to a specific purpose other than the person's character or propensity to behave in a certain way."   *United States v. Gomez,* 763 F.3d 845, 860 (7th Cir. 2014) (*en banc*). Relevance means a tendency to make a consequential fact more or less likely than it would be without the evidence.   *Id.* at 853 (citing Fed. R. Evid. 401 & 402).   The chain of reasoning establishing its relevance to that other purpose cannot "rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case."   *Id.* at 860.

Even if the "other act evidence" is relevant and does not rely on an inference of propensity, the Court must examine under Federal Rule of Evidence 403 whether the evidence's probative value is substantially outweighed by the risk of unfair prejudice.   *Id.*   This balance often tips in favor of excluding evidence used to prove "intent" where the crime is a general intent crime and the defendant does not contest his intent.   *Id.* at 858.   This is because with general intent crimes, intent is often only a formal issue that can be inferred from the act itself, and if intent is not in issue, evidence of it has little probative value.   *Id.* 858-59 (citing *United States v. Shackleford,* 738 F.2d 776, 781 (7th Cir. 1984)).   For example, the intent to distribute drugs can ordinarily be inferred by the actual act of distributing drugs, so a defendant's prior acts of distributing drugs will likely have

11

little probative value in a trial for simple distribution where the defendant does not dispute the issue of intent. *Id.* at 858.

Here, the Government asks the Court to use a chain of reasoning to show Johnson's prior possession of a firearm is relevant to his knowledge and intent to commit the crime of felon in possession.   Essentially, the logic would be that since Johnson possessed a gun on New Year's Eve, he knew about possessing guns and was more likely to have intended to possess one during the charged offense.   The Seventh Circuit Court of Appeals has explained that such a chain is likely to contain a propensity link:

> Evidence of prior, uncharged gun possessions by felons has the potential to be used for impermissible propensity purposes.   We have analyzed such evidence under Rule 404(b) and have allowed it, at least where the prior possession was recent and involved the same gun. . . .   If the prior possession was of a different gun, then its value as direct or circumstantial evidence of the charged possession drops and the likelihood that it is being used to show propensity to possess guns rises considerably.

*United States v. Miller*, 673 F.3d 688, 695 (7th Cir. 2012).   There is nothing in the record to indicate whether the Government was contending the gun Chamberlain testified Johnson possessed on New Year's Eve was the same gun charged in this case, which leaves a question whether its admission relied on a propensity inference.

More importantly, in light of the fact that felon in possession is a general intent crime, *see United States v. Williams*, 403 F.3d 1188, 1194 (10th Cir. 2005), and Johnson did not challenge his intent (by, say, arguing he possessed the gun unintentionally because someone slipped it into his pocket without his knowing it), evidence of his prior possession of a firearm had little probative value.   This is especially true where Johnson did not even contest that he knowingly possessed a firearm but instead challenged whether the firearm had traveled in interstate commerce.   In this situation, it is likely that evidence of Johnson's prior possession of a firearm would not have been

12

admissible under the test explained in *Gomez*.

Most importantly, however, is the fact that, regardless of whether reasonably competent counsel would have objected to evidence of Johnson's prior possession of a gun, Johnson suffered no prejudice from counsel's performance. As noted earlier in this order, the evidence of Johnson's guilt of the crimes charged was so overwhelming that there is no reasonable probability that, had counsel objected to Chamberlain's testimony and had the Court excluded the evidence, the jury would have rendered a different verdict. Because Johnson suffered no prejudice from counsel's performance, he is not entitled to § 2255 relief on this basis.

<u>Ground 6: Cumulative Error</u>

Finally, Johnson claims that the foregoing alleged errors, when viewed together, demonstrate that he did not receive constitutionally effective representation. After carefully reviewing the record and in light of the overwhelming evidence against Johnson, the Court finds that there is no reasonable probability that, but for the alleged errors of counsel in this case, even if considered in combination, the result of the proceedings would have been different.

**IV.    Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve

13

encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). The Court finds that Johnson has not made such a showing and, accordingly, declines to issue a certificate of appealability.

V.    **Conclusion**

For the foregoing reasons, the Court **DENIES** Johnson's § 2255 motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED:   February 29, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

14